**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DENNIS LEE,

    Defendant-Appellant.

No. 99-3266
(D. Kan.)
(D.Ct. No. 96-CR-40055-SAC)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Dennis Lee appeals his sentence after pleading guilty to one

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of conspiracy to possess with intent to manufacture or distribute in excess of one kilogram of methamphetamine. Specifically, Mr. Lee appeals the type of methamphetamine the district court attributed to him in calculating his sentence under United States Sentencing Guideline § 2D1.1(c)(3). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

As part of a plea agreement, Mr. Lee pled guilty to Count I of an indictment for conspiracy to possess with intent to manufacture or distribute in excess of one kilogram of methamphetamine. The indictment indicated the conspiracy began on or about March 1, 1993. After Mr. Lee pled guilty, a probation officer prepared a presentencing report. In calculating Mr. Lee's sentence, the probation officer recommended a base offense level of 34 under United States Sentencing Guideline § 2D1.1(c)(3) because the conspiracy involved 7,999 grams of "methamphetamine."

Mr. Lee filed objections to the presentencing report, including an objection on grounds the methamphetamine involved in the conspiracy consisted of L-methamphetamine rather than D-methamphetamine. Mr. Lee argued the distinction was important because the conspiracy occurred before the November 1, 1995 amendment to U.S.S.G. § 2D1.1(c)(3), which eliminated the distinction

between L- and D-methamphetamine for the purposes of sentencing.[1]  In sum, Mr.

Lee argued that because the current version of § 2D1.1(c)(3) does not apply in his

case, the district court must calculate his sentence to reflect the lesser sentences

previously given for L- rather than D-methamphetamine possession and

manufacturing.[2]

At Mr. Lee's sentencing hearing, the government offered the testimony of

Special Agent Larry Dixon with that of the Kansas Bureau of Investigation.  Mr.

Dixon testified Mr. Lee produced his methamphetamine using "an ephedrine

reduction method."  Agent Dixon testified he received this information from Mr.

Lee, Mr. Lee's live-in girlfriend, and another co-conspirator.  The government

next offered the testimony of Dwaine Worley, a forensic chemist, who testified

the ephedrine reduction method of manufacturing methamphetamine always

---

[1]  "Under the old guidelines, a sentence for [L-methamphetamine] was significantly less than one for D-methamphetamine." *See United States v. Svacina*, 137 F.3d 1179, 1186 (10th Cir. 1998).  The November 1, 1995 amendment eliminated this distinction, so that all forms of methamphetamine are now treated as type D-methamphetamine. *Id.* (*relying on* U.S.S.G. App. C at 344, Amendment 518).

[2]  Mr. Lee points out that under the prior version of § 2D1.1, one gram of L-methamphetamine is equivalent to forty grams of marijuana under the Drug Equivalency Tables, so that he must have distributed 250 times as much L-methamphetamine as D-methamphetamine to receive the same sentence he received applying the current version of § 2D1.1(c)(3).

produces D-methamphetamine.

In addition to this testimony, the district court made findings and conclusions of law at the sentencing hearing concerning Mr. Lee's objections to the presentencing report's application of the current version of § 2D1.1. The district court acknowledged the November 1, 1995 amendment eliminated the distinction between the two types of methamphetamine so that the completion date of the conspiracy controlled what version of § 2D1.1 applied. Because a conspiracy is a prototypical continuing offense, the district court determined the conspiracy at issue in this case did not end until Mr. Lee's indictment on July 24, 1996, so that the current version of § 2D1.1, enacted on November 1, 1995, applied. Later, in a written memorandum filed with the final presentencing report, the district court reiterated these same conclusions. In addition, the district court stated "[e]ven if this were not so, based upon the evidence presented during the sentencing hearing, the court would conclude that the government carried its burden of proving by a preponderance of the evidence that the manufacture and distribution of D-methamphetamine was the object of this defendant's drug trafficking conspiracy."

On appeal, Mr. Lee raises the same issue addressed by the district court

concerning the application of the current version of U.S.S.G. § 2D1.1(c)(3) in calculating his sentence. We review the district court's application of the sentencing guidelines *de novo,* and its factual findings under a clearly erroneous standard. *United States v. Morales*, 108 F.3d 1213, 1225 (10th Cir. 1997). It is well established conspiracy is a continuing offense for which a conspirator, like Mr. Lee, may be sentenced under a law enacted during the course of the conspiracy and which increases the penalty. *See United States v. Stanberry*, 963 F.2d 1323, 1327 (10th Cir. 1992); *accord United States v. Boyd*, 149 F.3d 1062, 1068 (10th Cir. 1998), *cert. denied*, 526 U.S. 1147 (1999); *United States v. Massey*, 48 F.3d 1560, 1568 (10th Cir.), *cert. denied*, 515 U.S. 1167 (1995).

In applying this principle, we must determine if the district court correctly determined the conspiracy ended in July 1996 so that the current version of U.S.S.G. § 2D1.1 should be applied in calculating Mr. Lee's sentence. In this case, Mr. Lee pled guilty to Count I of the indictment for a conspiracy, as "set out in the Grand Jury Indictment and supporting testimony." During the plea hearing, the government introduced into evidence a summary of the grand jury testimony as well as the testimony of eight individuals, which supported Count 1 of the indictment and established that between March 1, 1993 and continuing until July 24, 1996, Mr. Lee conspired to possess, manufacture and distribute one kilogram

of methamphetamine. Mr. Lee agreed that the witnesses would testify to this if called to testify against him, and that he did the things set forth in Count I of the indictment. For the purposes of determining when the conspiracy ended, we believe this is sufficient evidence. Thus, we hold the district court correctly concluded the conspiracy ended July 24, 1996, requiring application of the current version of U.S.S.G. § 2D1.1(c)(3) in calculating Mr. Lee's sentence at a base offense level of 34. Moreover, even if the conspiracy ended prior to enactment of the current version of this sentencing guideline, we agree with the district court's finding the government provided sufficient evidence at the sentencing hearing to establish the conspiracy involved the manufacture of D-, rather than L-, methamphetamine for the purpose of sentencing Mr. Lee.

For the foregoing reasons, we **AFFIRM** the district court's judgment concerning Mr. Lee's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge